# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:21-cr-00229-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| ERIC LONG, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court is Defendant Eric Long's ("Defendant's") Motion for Release on Personal Recognizance Bond Pending Appeal ("Motion for Release on Bond"), (ECF No. 122). The Government filed a Response, (ECF No. 125). Also pending before the Court is Defendant's Emergency Motion to Extend Self-Surrender Date, (ECF No. 124), which seeks to extend Defendant's self-surrender date by sixty days to give the Court time to decide the Motion for Release on Bond. The Government filed a Response to this Motion as well, (ECF No. 126).

On December 14, 2022, the Court sentenced Defendant to a term of imprisonment of twenty-four months and gave Defendant until March 14, 2023, to self-surrender. (Judg. at 2, ECF No. 114). At sentencing, the Court determined that Defendant had a Criminal History Category of I and a Total Offense Level of 23. (Trans. 7:11–10:12, ECF No. 121). The Total Offense Level included a four-level enhancement for the possession of a firearm in connection with another offense. (*Id.* 13:4–10). As the Court noted during the sentencing hearing, the guideline range for a Criminal History Category of I and a Total Offense Level of 23 is forty-six to fifty-seven months, and the guideline range without the four-level enhancement—a Total Offense Level of 19—is thirty to thirty-seven months. (*Id.* 13:4–10); *see also* Sentencing Table, USSC §5B1A. Defendant appealed his sentence to challenge the imposition of the four-level

enhancement. (*See* Mot. Release on Bond 8:3–4).  Defendant now seeks to remain on bond pending appeal. (*See generally id.*).

Release of a defendant pending an appeal following sentencing is warranted when the Court makes the following findings:

    (A)    by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under [18 U.S.C. § 3142(b) or (c)];
    (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
        (i)    reversal,
        (ii)    an order for a new trial,
        (iii)    a sentence that does not include a term of imprisonment, or
        (iv)    a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b).  The Court finds that Defendant's appeal is not likely to result in reversal, an order for a new trial,[1] a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  Even if Defendant is successful on appeal, Defendant's sentence as imposed would still be less than the sentencing guideline range without the four-level enhancement.  Moreover, subtracting the four-level enhancement would not result in a sentence that does not include a term of imprisonment. *See generally* USSC §5B1A; §5B1.1(2).

///

///

///

///

---

[1] Defendant entered a plea of guilty. (*See* Min. of Proceedings, ECF No. 113).

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Release on Personal Recognizance Bond Pending Appeal, (ECF No. 122), and Emergency Motion to Extend Self-Surrender Date, (ECF No. 124), are **DENIED**.

**DATED** this __10__ day of March, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT